Schuyler G. Carroll
ARENT FOX LLP
1675 Broadway
New York, New York 10019
(212) 484-3900

Attorney for Roy Babitt, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
In re

| | |
|---|---|
| JOSEPH GREENBLATT, | Chapter 7 |
| | Case No. 05-60142 (RDD) |
| Debtor. | |

-------------------------------------------------------- x

| | |
|---|---|
| ROY BABITT, Chapter 7 Trustee of the Estate of JOSEPH GREENBLATT, | |
| Plaintiff, | Adv. Pro. No. 08-01127 (RDD) |
| v. | |
| KAREN ROTHSCHILD, | |
| Defendant. | |

-------------------------------------------------------- x

## STIPULATION AND ORDER

By this Stipulation and Order (the "Stipulation and Order"), Roy Babitt, Chapter 7 Trustee (the "Trustee") of the estate of Joseph Greenblatt (the "Debtor"), and Karen Rothschild (the "Defendant"; together with the Trustee, the "Parties"), hereby stipulate and agree as follows:

## RECITALS

**WHEREAS,** on November 29, 2005 ("the Petition Date"), the Debtor filed a chapter 11 bankruptcy petition under Title 11 of the United States Code (the "Bankruptcy Code").

**WHEREAS,** on March 5, 2007, the chapter 11 case was converted to a chapter 7 case under the Bankruptcy Code and on March 6, 2007, Roy Babitt was appointed the chapter 7 Trustee.

**WHEREAS**, on March 6, 2008, a Complaint in the instant adversary proceeding was filed against the Defendant asserting that the Defendant had received a transfer from the Debtor totaling at least $125,000.00, which was subject to avoidance pursuant to chapter 5 of the Bankruptcy Code.

**WHEREAS**, Defendant has asserted various defenses and denied liability. Based on an analysis of the Defendant's defenses made by the Trustee and his counsel, and in the interest of avoiding further litigation costs, the Trustee, after extensive settlement negotiations with the Defendant, has agreed to settle the allegations made in the Complaint against the Defendant for $50,000.00, subject to approval by the Court.

**NOW, THEREFORE,** in consideration of the mutual covenants and agreements set forth in this Stipulation and Order, in an effort to avoid unnecessary expenses and litigation, and with the intent to be legally bound, it is agreed among the parties as follows:

## AGREEMENT

1. The Defendant shall pay to the Trustee the amount of $50,000.00 (the "Settlement Amount"). The Debtor shall pay the Trustee the Settlement Amount in installment payments as follows: (a) the first installment payment of $20,000.00 shall be due and payable ten days after entry of this Stipulation by the Court; in the event the Court does not approve the Stipulation, the $20,000.00 shall be returned to the Defendant's attorney within five (5) days and (b) the remaining $30,000.00 balance shall be paid by delivering to the Trustee upon execution of this Stipulation eight post-dated checks in the amount of $3,750 each dated May 15, 2009;

June 15, 2009, July 15, 2009, August 15, 2009; September 15, 2009, October 15, 2009; November 15, 2009 and December 15, 2009 (the "Post-Dated Checks").

2. In the event the Defendant has reason to believe that any of the Post-Dated Checks will be dishonored by the drawee, the Defendant may, in her sole discretion, elect to allow the Trustee to enter the Consent Judgment annexed hereto as **Exhibit A**. In order to elect this option, the Defendant shall advise the Trustee in writing, at least five days prior to the date of any of the checks referenced in paragraph one, by sending a certified letter (the "Letter") to Schuyler G. Carroll, 1675 Broadway, New York, NY 10019 and emailing the Letter to Mr. Carroll at carroll.schuyler@arentfox.com. If the Defendant elects this option, the Trustee shall not attempt to deposit the check referenced in the Letter. The Trustee may file the Consent Judgment by notice of presentment ten days after receipt of the Letter, unless the default is cured. For the purposes of this paragraph, curing the default shall require the Defendant to send a second certified letter to the Trustee advising the Trustee that the Letter has been withdrawn and the Trustee may deposit the post-dated check referenced in the Letter. The only defense the Defendant shall have to the entry of the Consent Judgment shall be the curing of the default. The Defendant shall not file any objection to the notice of presentment of the Consent Judgment unless the default has been cured.

3. In the event any of the Post-Dated checks is dishonored by the drawee, the Trustee shall have the right to entry of the Consent Judgment by filing the Consent Judgment attached hereto as **Exhibit A** by notice of presentment. The only defense the Defendant shall have to the entry of the Consent Judgment shall be the curing of the default. The Defendant shall not file any objection to the notice of presentment of the Consent Judgment unless the default has been cured.

4. Upon performance of all obligations under this Stipulation and Order by the Defendant, the Trustee shall release the Defendant from the allegations made in the Complaint. As of the date of the execution of this Stipulation, the Trustee is unaware of any additional causes of action against the Defendant, however, should the Trustee learn of such additional causes of action, the Trustee fully reserves all rights. Upon execution of this Stipulation, the Defendant releases the Trustee and his professionals from any and all claims that arose or are related to the above-captioned Complaint.

5. In the event that the Defendant fails to make any payment or abide by any of the terms referenced herein, the Trustee shall send a letter, by certified mail, to the Defendant, Karen Rothschild, 186–17 Cambridge Road, Jamaica, New York 11432, with a copy, also sent by certified mail, to Michael A. Kaufman, Esq. at 220 East 60th Street, Suite 6M, New York, New York 10022, notifying them of the default and providing ten (10) business days to cure the default (the "Grace Period"). If the Defendant fails to cure the default within the Grace Period, the Defendant consents to entry of the Consent Judgment in the form annexed hereto as **Exhibit A** against the Defendant in the amount of $125,000.00 less any payments that have been made by the Defendant pursuant this Stipulation and Order, plus interest from the date of the Transfer as defined in the Complaint at the rate of 9% per year, plus attorneys fees of not less than $25,000.[1] In the event of a default which is not cured within the Grace Period, the Defendant shall take no action which impairs the entry of the Consent Judgment or execution on the Consent Judgment.

6. The Defendant provided the Trustee with various financial statements (the "Financial Statements") which were relied upon by the Trustee in reaching this settlement. The

---

[1] For purposes of the Consent Judgment, the attorney's fees are a minimum of $25,000. In the event the actual fees are less than $25,000, the Defendant shall be entitled to a refund of the difference between the actual fees and the $25,000, provided the entire Settlement Amount is paid in full. In the event the attorney's fees are greater than $25,000, the Defendant consents to entry of a second consent judgment by notice of presentment for the attorneys fees in excess of $25,000.

Defendant represents and warrants that the Financial Statements provided to the Trustee are materially correct to the best of her knowledge.  In the event the Financial Statements are found by a court to be materially false and the Defendant was aware such statements were materially false, the Defendant consents to entry of judgment for the full amount sought in the Complaint, plus interest at the New York default rate from the date of the Transfer.

7. The Bankruptcy Court for the Southern District of New York shall retain jurisdiction over the terms and conditions of this Stipulation and Order.

8. This Stipulation and Order cannot be amended, modified or superseded except upon written consent of the parties hereto.  This Stipulation and Order shall be binding upon and inure to the benefit of the successors and assigns of the parties hereto.

9. This Stipulation and Order may be signed in counterparts, with each part being deemed a part of the original document.  This Stipulation and Order may be signed by facsimile transmission which signatures shall be treated as original signatures.

10. The Parties hereto shall execute and deliver such other and further documents and perform such other and further acts as may be reasonable, necessary and/or customary in order to consummate the transactions contemplated by this Stipulation and Order.

11. This Stipulation and Order shall become effective on the date it is approved by the Court.

12. In the event the Stipulation is not approved by the Court, no part of the Motion or Stipulation are admissible in any subsequent proceeding.

**IN WITNESS WHEREOF,** each of the parties below has executed and delivered this Stipulation and Order as of the date written below.

| | |
|---|---|
| Dated: New York, New York<br>March 20, 2009 | Dated: New York, New York<br>March 20, 2009 |
| Attorney for Defendant Karen Rothschild | ARENT FOX LLP<br>Attorney for Roy Babitt, Chapter 7 Trustee |
| By: */s/ Michael A. Kaufman*<br>    Michael A. Kaufman, Esquire<br>    Michael A. Kaufman, P.A.<br>    220 East 60th Street, Suite 6M<br>    New York, New York 10022 | By: */s/ Schuyler G. Carroll*<br>    Schuyler G. Carroll<br>    ARENT FOX LLP<br>    1675 Broadway<br>    New York, New York 10019<br>    (212) 484-3900 |

The Defendant

By:   */s/ Karen Rothschild*
    Karen Rothschild
    186–17 Cambridge Street
    Jamaica, NY 11432

    Notary:

    */s/ Janina A. Jaramillo*
    Notary Public, State of New York
    Qualified in Kings County
    Reg. No. 01JA6183610
    My Commission Expires 03-07-2012

SO ORDERED:

/s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

April <u>29</u>, 2009

-6-

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
In re

JOSEPH GREENBLATT,   Chapter 7
                                                      Case No. 05-60142 (RDD)
                        Debtor.

-------------------------------------------------------- x
ROY BABITT, Chapter 7 Trustee of the
Estate of JOSEPH GREENBLATT,

                        Plaintiff,   Adv. Pro. No. 08-01127 (RDD)

            v.

KAREN ROTHSCHILD,

                        Defendant.
-------------------------------------------------------- x

## CONSENT JUDGMENT

**IT IS HEREBY CONSENTED TO AND AGREED**, that upon the Stipulation and Order (the "Stipulation") between Roy Babitt ("Babitt"), Chapter 7 Trustee (the "Trustee") of the Estate of Joseph Greenblatt (the "Debtor") and Karen Rothschild ("Rothschild"), which Stipulation has been agreed to by the Trustee and Rothschild and approved by the Bankruptcy Court, Rothschild has acknowledged a debt due and owing to the Trustee in the amount of $125,000.00; and it appearing that Rothschild was obligated to pay $ _____ to the Trustee on or before _____, 2009, and that Rothschild has defaulted on her payment obligation, which default has remained uncured notwithstanding the Trustee having given written notice of the requirement to cure such payment default as required in the Stipulation, as confirmed by the attached Affidavit by counsel for the Trustee, and there remains due and payable to the Trustee $ _____;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**, that the Trustee shall have judgment against Karen Rothschild 186–17 Cambridge Street, Jamaica, NY 11432, in the amount of $_____, plus interest at 9% from the date of the Transfer until the date of this Judgment is satisfied and attorneys fees for the costs and expenses of collections of not less than $25,000.

**"SO ORDERED"** on this ____ day of _____, 200__ in New York, New York

_____
**HONORABLE ROBERT D. DRAIN**
**UNITED STATES BANKRUPTCY JUDGE**